IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 16-cv-0016-RBJ

**LILIA SMITH MEGOTE,**

    Plaintiff,

v.

**CRAIG HOSPITAL, a Colorado not-for-profit corporation,**

    Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A scheduling conference was held on March 24, 2016 at 2:00 p.m. Appearing for the parties were:

    a.    **Plaintiff:** Sara A. Green, Bachus & Schanker, LLC, 1899 Wynkoop Street, Suite 700, Denver, Colorado 80202; (303) 893-9800.

    b.    **Defendant:** Bruce Anderson, Fisher & Phillips, LLP, 1801 California Street, Suite 2700, Denver, CO 80202; 303-218-3678.

### 2. STATEMENT OF JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1441. This action is authorized and instituted by the Family and Medical Leave Act, 29 U. S.C. §§ 2611-2654.

### 3. STATEMENT OF CLAIMS AND DEFENSES

    a.    **Plaintiff:** Smith was a Registered Nurse who began working for the Defendant in 1997. In July 2015, Smith was notified that her mother had a stroke. On

July 15, 2015, Smith requested FMLA leave to care for her ailing mother. The FMLA leave was approved and Smith eventually flew to the Philippines to care for her ailing mother. On August 9, 2015, while Smith was with her, Smith's mother passed away. Smith and her siblings were extremely distraught about her mother and were grieving. A few days after her mother's passing, Smith traveled to Spain to grieve with her sister. Smith's sister was hospitalized due to a breakdown attributed to the death of their mother and Smith needed to be with her so that they could help each other grieve. Smith did not communicate the travel to Spain to Defendant until after her return to the U.S. because it was unexpected, she was depressed, and she was grieving.

Smith returned to the U.S. on September 1, 2015. She asked to go back to work and was allowed to return. Smith worked six twelve hour shifts in a two week period upon her return. On September 17, 2015, Smith was told that she was terminated for failing to return to work the day after her mother died.

It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided by the FMLA. Smith was terminated, and retaliated against, for utilizing her rights under FMLA.

b. **Defendant:** Craig Hospital ("Craig") is a not-for-profit rehabilitation hospital that specializes in neuro-rehabilitation of patients with spinal cord injury and traumatic brain injury. Craig employed Plaintiff as a Registered Nurse. Craig has a Family Medical Leave Act policy which allows eligible employees to take family leave to care for a parent who has a serious health condition. The policy requires an employee to provide to Craig appropriate medical documentation to show a serious health condition exists.

On July 15, 2015, Plaintiff submitted a Leave of Absence Request Form requesting family leave to care for her mother, who lived in the Philippine Islands, stating her mother had a serious health condition. Craig, pursuant to its FMLA policy, asked Plaintiff to provide medical documentation to support her request for family leave. Although Plaintiff never submitted the required medical documentation, Craig granted Plaintiff's request for family leave. Plaintiff's leave began on July 24, 2015.

Plaintiff traveled to the Philippine's to care for her mother. On August 9, 2015, Plaintiff's mother passed away. Plaintiff did not advise Craig her mother died. Plaintiff was no longer entitled to take family leave after her mother's death.

After her mother's death, Plaintiff traveled to Spain to visit her sister. Craig has a policy to be followed by employees requesting personal leave. Plaintiff did not ask Craig to approve a personal leave pursuant to Craig's policy. Plaintiff returned to the United States in September. Plaintiff contacted Craig to notify it she was available to return to work. Craig scheduled Plaintiff to resume her nursing duties starting on September 5, 2015.

On September 10, 2015, Craig, for the first time learned Plaintiff's mother died on August 9, 2015 and after the death, Plaintiff travelled to Spain to visit her sister.

After the death of her mother, Plaintiff was entitled to bereavement leave. Although Plaintiff never requested bereavement leave after learning of the death of Plaintiff's mother, Craig Hospital granted bereavement leave for the dates of August 10, 14 and 15, days on which Plaintiff would have been scheduled to work. All of Plaintiff's absences after August 15th and before September 5, 2016 were recorded by Craig as unscheduled absences.

Prior to taking FMLA leave Plaintiff was on a final written warning for previous disciplinary

3

issues. Pursuant to Craig's disciplinary policy, any form of discipline for attendance once an employee was is on a final written warning, results in termination of the employee's employment.

Pursuant to the provisions of its disciplinary policy, Plaintiff's employment was terminated effective September 17, 2015 for violation of its attendance policy. Craig terminated Plaintiff's employment for legitimate business reasons, not in violation of Plaintiff's rights under the FMLA. Plaintiff incorporates by reference the affirmative defenses listed in its Answer to Plaintiff's Complaint.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

a. Smith began working for Defendant in April 1997.

b. On July 24, 2014, Smith was approved for FMLA leave.

c. Smith was terminated effective September 17, 2015.

d. Smith's title at the time of her termination was Registered Nurse.

### 5. COMPUTATION OF DAMAGES

a. **Plaintiff:**

Plaintiff seeks to recover damages as follows:

Economic damages in an amount of approximately $350,000.00.

This includes the following elements: back pay, front pay and benefits, lost insurance premiums, and health care costs. Plaintiff was making approximately $110,000.00 a year (2115.38/wk) including overtime plus benefits of 15-20% or $22,000.00. Plaintiff has not been able to find suitable employment at this time. Plaintiff

4

has been out of work since September 17, 2015, resulting in $50,769.23 in lost wages to date.

Plaintiff will seek noneconomic damages for humiliation, severe emotional pain, depression, inconvenience, and mental anguish. The amount of non-economic damages is unknown at this time. Plaintiff is unable to seek therapy because she lost her insurance when she was terminated.

Plaintiff will seek punitive damages in accordance with the statutory caps.

Plaintiff will also seek to recover attorney fees, costs, interest and expert fees. These amounts are unknown at the present time.

This method for calculating damages has been provided by Plaintiff's counsel in order to comply in good faith with the Court's instructions and Fed.R.Civ.P. 26(a)(l). Plaintiff anticipates that discovery, and documents from the Defendant, will provide a more precise measure of all damages.

    b.    **Defendant:** Defendant does not seek damages.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.    Date of Rule 26(f) Meeting: **March 3, 2016.**

    b.    Names of each participant and party he/she represented: Sara A. Green represented Plaintiff. Bruce Anderson represented Defendant.

    c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made: **March 24, 2016.**

    d.    Proposed changes, if any, in timing or requirement of disclosures under

Federal Rule of Civil Procedure 26(a)(1): The parties request an additional seven days to submit their disclosures.

    e.    Statement concerning any agreements to conduct informal discovery: None.

    f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of unified exhibit numbering system: The parties agree to a unified exhibit numbering system for depositions.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: The parties do not anticipate having extensive electronic discovery in this case. The parties expect that production of e-mails and other electronic documents in .pdf, .tif., or hard-copy form will be sufficient and agree to confer in the event that those formats are insufficient.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties certify that, as required by Federal Rule of Civil Procedure 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

The parties propose ~~seven~~ four depositions per side.

b. Limitations which any party wishes to propose on the length of depositions: Each deposition shall be limited to one day of ~~seven~~ four hours, as provided for in Federal Rule of Civil Procedure 30(d)(1).

c. Limitations which any party proposes on number of requests for production of documents or requests for admissions: Each side shall be limited to 25 requests for production and 25 requests for admission.

d. Other Planning or Discovery Orders: The parties will enter into a stipulated protective order regarding confidential information.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **May 3, 2016.**

b. Discovery Cut-off: **September 10, 2016.**

c. Dispositive Motion Deadline: **October 15, 2016.**

d. Expert Witness Disclosure:

1. Plaintiff may retain a labor economist for the purpose of calculating damages. Defendant may retain any experts necessary to rebut Plaintiff's experts, if any.

7

2. The parties shall be limited to two experts per side, including rebuttal experts.

3. The parties shall designate all experts, and provide opposing counsel with all information specified in Federal Rule of Civil Procedure 26(a)(2) on or before August 6, 2016.

4. The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Federal Rule of Civil Procedure (a)(2) on or before September 4, 2016.

e. Identification of Persons to be Deposed:

| Name of Deponent | Expected length of Deposition |
| --- | --- |
| Plaintiff | Seven hours |
| Defendant 30(b)(6) Designee | Seven hours |
| TBD | |
| TBD | |
| TBD | |

f. Deadline for Interrogatories: Thirty-three days before the discovery cut-off.

g. Deadline for Requests for Production of Documents and Requests for Admissions: Thirty-three days before the discovery cut-off.

### 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: _____

_____

  b. A final pretrial conference will be held in this case on _____ at \_\_\_ o' clock \_\_ .m. A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

  a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: The parties disagree on the number of depositions per side as described in § 8(a).

  b. Anticipated length of trial and whether trial is to the court or jury: Four days to a jury.

  c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

### 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(d) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 24 day of March, 2016.

BY THE COURT:

_____
United States ~~Magistrate~~ Judge

APPROVED:

| | |
|---|---|
| s/ Sara A. Green | s/ Bruce Anderson |
| Sara A. Green | Bruce Anderson |
| Bachus & Schanker, LLC | Fischer & Phillips, LLP |
| 1899 Wynkoop Street, Suite 700 | 1801 California Street, Suite 2700 |
| Denver, CO 80202 | Denver, CO 80202 |
| (303) 893-9800 | (303) 218-3678 |
| | |
| *Attorney for Plaintiff* | *Attorneys for Defendant* |