IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-00168-RBJ

LILIA SMITH-MEGOTE,

    Plaintiff,

v.

CRAIG HOSPITAL, a Colorado not-for-profit corporation,

    Defendant.

ORDER

This matter is before the Court on defendant Craig Hospital's motion for summary judgment [ECF No. 17]. For the reasons described below, the motion is GRANTED.

## I. FACTS

The following facts are not in dispute unless otherwise noted. Plaintiff Lilia Smith-Megote is a former employee of defendant Craig Hospital ("Craig"). ECF No. 1 at ¶¶13–14 (Complaint). In July of 2015 she requested leave to travel to the Philippines to care for her ailing mother. ECF No. 17-2 at 2 (Leave of Absence Request Form). Craig approved plaintiff for five to six weeks of leave under the Family Medical Leave Act ("FMLA") to care for her mother beginning on July 24, 2015. ECF No. 17-4 at 3 (FMLA Designation Notice).

On August 9, shortly into plaintiff's leave, her mother passed away. ECF No. 1 at ¶6. Plaintiff did not notify Craig of her mother's death, or ask that her FMLA leave be extended beyond the death, or ask for bereavement leave (to which she would have been entitled). Instead, plaintiff subsequently remained in the Philippines for roughly three weeks and then flew

to Spain on August 28, 2015 to check up on her sister. ECF No. 17-5 at 73:16–19, 74:3–22 (Dep. of Lilia Smith-Megote, Aug. 18, 2016). Plaintiff returned to the United States on September 1. *See id*. Two days later she contacted Craig to notify them that she wanted to return to work early, which plaintiff did soon thereafter. *Id*. at 75:2–8.

On September 4 defendant first learned that plaintiff's mother had passed away back in early August. ECF No. 17-3 at 129:23–25 (Dep. of Stacy Abel, Aug. 19, 2016). After determining that plaintiff's FMLA leave did not apply to her absences after her mother passed away, defendant terminated plaintiff's employment on September 17. *Id.* at 157:3–11, 160:8–20. Defendant claims that it fired plaintiff due to plaintiff's missing too many shifts while failing to produce a legitimate reason why she remained abroad for over three weeks after her mother's passing, as well as because of plaintiff's prior written warning for absences and a previous incident on her record involving improper conduct. *Id.* at 74:2–7; ECF No. 17-5 at 87:7–12; ECF No. 17-10 at 2 (Craig Hospital Employee Discipline Form); ECF No. 17 at 3.

Procedural History

On January 22, 2016 plaintiff filed suit against defendant, alleging retaliation under the FMLA. ECF No. 1 at ¶¶12–17. After answering plaintiff's complaint on February 16, 2016, ECF No. 6, defendant moved for summary judgment on September 29, 2016, ECF No. 17. Defendant's motion has been fully briefed.

## II. STANDARD OF REVIEW

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (internal quotation marks and

citation omitted). A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted).

### III. ANALYSIS

Plaintiff's complaint asserts a single cause of action under the FMLA. However, as defendant acknowledges, plaintiff really maintains two distinct theories of recovery under that statute: (1) "interference" in violation of 29 U.S.C. § 2615(a)(1); and (2) "retaliation" in violation of 29 U.S.C. § 2615(a)(2). ECF No. 1 at ¶¶12–17; *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006). Defendant argues that it is entitled to summary judgment on both theories. For the reasons below, the Court agrees.

**A. Interference Claim.**

Plaintiff's first theory asserts interference under the FMLA. "To establish an interference claim, [plaintiff] must show: (1) that [s]he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with h[er] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of h[er] FMLA rights." *See Campbell* v. *Gambro Healthcare, Inc*., 478 F.3d 1282, 1287 (10th Cir. 2007) (internal citations and quotation marks omitted). The parties only appear to dispute the first element of whether or not plaintiff was entitled to FMLA leave, and only for the time period *after* plaintiff's mother passed away on August 9, 2015.

Under the FMLA, an employee is entitled to 12 workweeks of leave in a 12-month period in order to, among other things, "care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1). A "serious health condition" is defined, in turn, to "mean[] an illness, injury, impairment, or physical or mental condition that involves-- (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Given this statutory framework, courts have consistently held that an employee is not entitled to go on or remain on FMLA leave for time spent mourning a family member's death.[1] *See, e.g.*, *Fatima v. Lab. Corp. of Am.*, No. CIV.A.04 5739 JAP, 2006 WL 2990372, at *3 (D.N.J. Oct. 18, 2006) ("According to the plain language of the statute, the FMLA does not entitle an employee to leave for bereavement purposes."); *Barone v. Leukemia Soc. of Am.*, 42 F. Supp. 2d 452, 460 (D.N.J. 1998) (collecting cases); *Brown v. J.C. Penney Corp.*, 924 F. Supp. 1158, 1162 (S.D. Fla. 1996) ("Put simply, if Congress wanted to ensure that employees on FMLA leave could take additional time off after a family member died from a serious health condition, it easily could have said so in the statute.").

Here, plaintiff was not entitled to FMLA leave after August 9 when her mother passed away.[2] Obviously, she could not reasonably have been expected to return to the U.S. from the Philippines that same day. Common sense must be considered, and that is also where Craig's

---

[1] The FMLA does not require employers to inform employees that their entitlement to FMLA leave terminates upon the death of the family member for whom they are providing care unless they are notified of that change by the employee. 29 C.F.R. § 825.300(d)(5) (requiring employers to notify employees of a change in their FMLA leave entitlement *upon "receipt of the employee's first notice of need for leave subsequent to any change"*) (emphasis added); *Fatima v. Lab. Corp. of Am.*, No. CIV.A.04 5739 JAP, 2006 WL 2990372, at *5 (D.N.J. Oct. 18, 2006); 29 C.F.R. § 825.300 (d)(1) (requiring employers to only notify employees if their initial request for leave will not be covered by the FMLA).

[2] Plaintiff admits that the FMLA does not cover leave for bereavement purposes. ECF No. 22 at 12.

bereavement policy would come in. But the facts are that plaintiff simply took it upon herself to stay in the Philippines for about three additional weeks and then travel to Spain to check on her sister (who allegedly was experiencing health issues but who is not one of the relatives for which the FMLA provides for leave) without any notice to Craig. Accordingly, her FMLA interference claim fails as a matter of law. *See, e.g.*, *Fatima*, 2006 WL 2990372, at *4 (holding as a matter of law that an employer's decision to terminate an employee for failing "to return to work for nearly a month after her father's death . . . did not deprive [the employee] of a right to which she was entitled under the FMLA" because, as the employee even conceded herself, "she cannot show that she was entitled to any FMLA leave after the death of her father"); *Sharpe v. MCI Telecomm. Corp.*, 19 F. Supp. 2d 483, 489 (E.D.N.C. 1998) ("The Court therefore finds that [plaintiff's] absence from work following her mother's death did not qualify as FMLA leave.").

Plaintiff nevertheless makes two arguments to attempt to save her claim. First, she argues that she has established the first element of an interference claim because, despite the fact that she applied for FMLA leave to care for her mother, she was entitled to FMLA leave beyond August 9, 2015 for *self*-care (or for caring for her sister in Spain). *See* ECF No. 22 at 7. Second, she contends that because defendant approved plaintiff for leave until September 14, 2015 and that she relied on that approval to her detriment, that defendant should be estopped from denying that plaintiff was not entitled to FMLA leave beyond August 9, 2015.[3] Neither argument is persuasive.

First, I find that plaintiff has not come forward with evidence that she, personally, was qualified for leave under the FMLA's self-care provision. *See* 29 U.S.C. § 2612(a)(1)(D)

---

[3] Having been approved for FMLA leave for five to six weeks beginning on July 24, 2015, see ECF No. 17-4, the Court is confused why plaintiff asserts, without citing any evidence, that Craig approved for her for leave until September 14, 2015. By the Court's count, that would mean she had been approved for just over *seven* weeks of leave.

(explaining that an employee is entitled to FMLA leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee"); *id.* § 2611(11) (defining "serious health condition" to include inpatient care of some kind or continuing health care professional treatment). Second, plaintiff' sister was not a relative to which the FMLA applied. *See* 29 U.S.C. § 2612(a)(1)(c); 5 C.F.R. § 630.1203(a)(3); *O'Hara v. GBS Corp.*, No. 5:12CV2317, 2013 WL 1399258, at *3 (N.D. Ohio Mar. 13, 2013), *report and recommendation adopted*, No. 5:12 CV 2317, 2013 WL 1399317 (N.D. Ohio Apr. 5, 2013) (collecting cases). She therefore cannot establish her entitlement to FMLA leave for either purpose.

Furthermore, plaintiff's estoppel argument is also unpersuasive because, even assuming the Tenth Circuit would apply estoppel in the FMLA context, which is unclear, see *Banks v. Armed Forces Bank*, 126 F. App'x 905, 906–07 (10th Cir. 2005), the undisputed facts reveal that plaintiff had prior knowledge that bereavement did not qualify for FMLA leave,[4] see ECF No. 17-1 at 2 (e-mail correspondence), and that defendant never once represented to plaintiff that she could remain on FMLA leave *after her mother had passed away*.[5] Her estoppel argument is therefore unavailing.[6] *See Penny v. Giuffrida*, 897 F.2d 1543, 1545–46 (10th Cir. 1990) ("[T]he

---

[4] Knowing from her previous attempt to obtain FMLA leave in 2014 that she would not be entitled to FMLA leave for bereavement purposes, plaintiff nevertheless admits that she requested leave this second time in 2015 so that she could travel to the Philippines to, in her own words, "pull the plug" on her mother and "prepare [for] whatever comes next[.]" ECF No. 22-2 at 66:1–9. Applying estoppel under these circumstances is therefore inappropriate. *See Penny v. Giuffrida*, 897 F.2d 1543, 1545–46 (10th Cir. 1990) (acknowledging the requirement for estoppel that "the party asserting the estoppel must be ignorant of the true facts").

[5] Defendant had a bereavement policy, see ECF No. 22-6 at 2 (Craig Hospital Bereavement Leave Policy/Procedure), but no evidence suggests plaintiff sought to avail herself of that employment benefit after her mother passed away.

[6] Plaintiff's argument for estoppel based on defendants' alleged statements to plaintiff not to contact them before her leave was up "unless" she needed more leave is also unconvincing. *See* ECF No. 22 at 3. The evidence plaintiff cites in support of that contention does not say what plaintiff contends it does. *See* ECF

traditional elements of equitable estoppel are: (1) the party to be estopped must know the facts; (2) the party to be estopped *must intend that his conduct will be acted upon or must so act* that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel *must be ignorant of the true facts*; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury.") (Emphasis added).

### B. Retaliation.

The Court likewise grants defendant's motion for summary judgment on plaintiff's second theory of recovery asserting retaliation. FMLA retaliation claims follow the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1135 (10th Cir. 2003). Under that framework, plaintiff has the initial burden of establishing a prima facie case of retaliation. *Id*. Once plaintiff does so, defendant must offer a legitimate, non-retaliatory reason for the adverse employment action. *Id*. Plaintiff then bears the final burden of demonstrating that defendant's reason is really pre-textual. *Id.*; *see also Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006); *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1263 (10th Cir. 1998).

Here, regardless of whether plaintiff can establish a prima facie case of retaliation, plaintiff has not provided any evidence that defendant's purported non-retaliatory reason for firing plaintiff—i.e. its belief that plaintiff failed to comply with the requirements of the FMLA by remaining on leave after her mother had passed away, see ECF No. 17-10 at 2—was pretext. *See Medley v. Polk Co.*, 260 F.3d 1202, 1207 (10th Cir. 2001) ("[A]n employer who discharges

---

No. 22-2 at 71: 8–18 ("But what she said, call me – call us *when* you needed more time.") (Emphasis added). Rather, telling plaintiff to call *when* she needed more time is quite different from saying do not call us *unless* you need more time. Plaintiff's argument that Craig told her not to contact them if her mother passed away while she was on leave is thus unsupported.

an employee honestly believing that the employee . . . is not using FMLA leave for its intended purposes . . . would not be in violation of the FMLA, even if its conclusion is mistaken, since this would not be a discriminatory firing."). Plaintiff's claim for retaliation under the FMLA therefore fails as a matter of law. *See id*. at 1207–08 (citing *Kariotis v. Navistar Internat'l Trans. Corp.*, 131 F.3d 672 (7th Cir. 1997)).

## ORDER

No doubt the experiences of losing her mother and then losing the job she had held for some 19 years were extremely distressing events in Ms. Smith-Megote's life. But the ultimate issue here is whether the Family Medical Leave Act was violated. The Court finds that plaintiff has not shown that there is a genuine dispute of fact that is material to resolution of that issue. Rather, the Court concludes that the defendant is entitled to judgment as a matter of law on the claim asserted. Accordingly, defendant's motion for summary judgment [ECF No. 17] is GRANTED. This civil action is dismissed with prejudice. As the prevailing party the defendant is award its reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. The parties' four-day jury trial set to begin on March 13, 2017 is VACATED.

DATED this 17th day of January, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge